[Civ. No. 41628. Second Dist., Div. Four. Dec. 21, 1973.]

FRANCIS M. VAN NUIS, Plaintiff, v.
LOS ANGELES SOAP COMPANY et al., Defendants and Respondents;
STATE COMPENSATION INSURANCE FUND,
Intervener and Appellant.

## Counsel

T. Groezinger, James Vonk and Herbert Lasky for Intervener and Appellant.

Evelle J. Younger, Attorney General, Elizabeth Palmer, Edward M. Belasco, N. Eugene Hill and Richard M. Skinner, Deputy Attorneys General, Mansell & Giddens, John L. Maier, Dryden, Harrington & Swartz, Raphael Cotkin and Peter Abrahams as Amici Curiae on behalf of Intervener and Appellant.

Kinkle, Rodiger, Graf, Dewberry & Spriggs, George P. Kinkle, Jr., and Marshall J. Yager for Defendants and Respondents.

Robert E. Cartwright, Edward I. Pollock, William H. Lally, Sanford M. Gage, Floyd A. Demanes, Stephen I. Zetterberg and Leonard Sacks as Amici Curiae on behalf of Defendants and Respondents.

No appearance for Plaintiff.

## Opinion

**DUNN, J.**—On July 1, 1969, Francis Van Nuis commenced an action against Los Angeles Soap Company and Richard Nehring to recover damages for personal injuries allegedly sustained by plaintiff on May 8,

1969, when he was struck by an automobile negligently operated by defendants. In their answers to the complaint defendants pleaded contributory negligence, and alleged a *Witt* v. *Jackson* (1961) 57 Cal.2d 57, 69-73 [17 Cal.Rptr. 369, 366 P.2d 641] defense, i.e.: at the time of the accident plaintiff was acting in the course and scope of his employment; plaintiff's alleged injuries were caused by the negligence of his employer who carried workmen's compensation insurance; therefore, any judgment recovered by plaintiff should be reduced by the amount of the payments made to him by the employer's workmen's compensation insurance carrier.

On March 2, 1970, State Compensation Insurance Fund, the employer's carrier, filed a notice of lien in the action, notifying that any settlement or judgment recovered by plaintiff was subject to a first lien for workmen's compensation benefits paid by the carrier to plaintiff on behalf of his employer. (Lab. Code, §§ 3850-3864.)

On December 2, 1971, the carrier filed a complaint in intervention (Lab. Code, § 3853) alleging that plaintiff's injuries were caused by defendants' negligence, and seeking judgment against defendants for $19,241.09, the amount of compensation benefits paid. Defendants answered the complaint in intervention, alleging that intervener was barred from recovery by reason of the contributory negligence of plaintiff and of his employer.

On June 8, 1972, the case was called for jury trial. Before commencement of the trial, a conference was held in chambers between the judge, counsel for defendants and counsel for the intervener wherein the court was advised that plaintiff's case was settled. Counsel stipulated to the following facts: plaintiff was injured while acting in the course and scope of his employment by Richard's Friendly Service, a gasoline station; defendant Nehring drove a vehicle owned by defendant L. A. Soap Co. onto the gas station premises where the vehicle struck plaintiff; intervener was the workmen's compensation insurance carrier for plaintiff's employer and paid plaintiff $19,241.09 on account of his injuries. It was further stipulated that plaintiff had settled his claim against defendants for $20,000 without intervener's consent.[1] Intervener then moved that the settlement be set aside. The motion was denied. Intervener next moved that the recovery be impressed with a compensation lien for benefits paid. This motion likewise was denied. Finally, intervener moved that, because of the settlement, the court make a finding that defendants were negligent

---

[1] Although not mentioned in the stipulation, the amount of the settlement shows that the settlement was not intended to and did not include the amount of intervener's claim for reimbursement.

and plaintiff was free from contributory negligence, leaving as the sole remaining issue under the complaint in intervention the concurrent negligence of plaintiff's employer. The motion was denied. Intervener then rested without presenting any evidence. Defendants moved for a nonsuit on the ground there was no evidence of negligence on their part. The motion was granted, and the jury dismissed. A judgment of nonsuit on the complaint in intervention was entered in favor of defendants. (Code Civ. Proc., § 581c.)

Intervener appeals from the judgment and from the orders denying its motions to set aside the settlement and to impress a lien thereon. The orders are not separately appealable (Code Civ. Proc., § 904.1), but may be reviewed on appeal from the judgment. (Code Civ. Proc., § 906.)

In 1971, Labor Code sections 3859 and 3860 were amended (Stats. 1971, ch. 485, §§ 1 and 2) to read as follows: Section 3859: "(a) No release or settlement of any claim under this chapter [chapter 5, entitled "Subrogation of Employer"] as to either the employee or the employer is valid without the written consent of both. Proof of service filed with the court is sufficient in any action or proceeding where such approval is required by law. (b) *Notwithstanding anything to the contrary contained in this chapter, an employee may settle and release any claim he may have against a third party without the consent of the employer. Such settlement or release shall be subject to the employer's right to proceed to recover compensation he has paid in accordance with Section 3852.*" (Italics added.)

Section 3860 reads in pertinent part as follows: "(a) No release or settlement under this chapter, with or without suit, is valid or binding as to any party thereto without notice to both the employer and the employee, with opportunity to the employer to recover the amount of compensation he has paid or become obligated to pay and any special damages to which he may be entitled under Section 3852, and opportunity to the employee to recover all damages he has suffered and with provision for determination of expenses and attorney's fees as herein provided. (b) *Except as provided in Section 3859,* the entire amount of such settlement, with or without suit, is subject to the employer's full claim for reimbursement for compensation he has paid or become obligated to pay and any special damages to which he may be entitled under Section 3852, together with expenses and attorney fees, if any, subject to the limitations in this section set forth. . . ." (Italics added.)

Insofar as material to the issue on this appeal, the only

change made by the 1971 amendments to these statutes was the addition of the italicized language.[2]

Appellant concedes that the amendments gave plaintiff the right to settle his claim against defendants without appellant's consent. (And see: *Cilibrasi* v. *Reiter* (1951) 103 Cal.App.2d 397 [229 P.2d 394].) However, appellant argues the amendments went no further; they did not abolish appellant's[3] right to claim reimbursement, out of the proceeds of the settlement, for benefit payments made to plaintiff. We disagree under the facts of this case.

■ The cardinal rule of statutory construction is that the intention of the Legislature must be ascertained and given effect. (Code Civ. Proc., § 1859; *Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672].) ■ An intention to change the law is indicated by a material change in the language of a statute. (*Martin* v. *California Mut. B. & L. Assn.* (1941) 18 Cal.2d 478, 484 [116 P.2d 71].) " 'The very fact that the prior act is amended demonstrates the intent to change the pre-existing law, and the presumption must be that it was intended to change the statute in all the particulars touching which we find a material change in the language of the act.' " *(People* v. *Perkins* (1951) 37 Cal.2d 62, 64 [230 P.2d 353]; *Loew's Inc.* v. *Byram* (1938) 11 Cal.2d 746, 750 [82 P.2d 1]; *People* v. *Weitzel* (1927) 201 Cal. 116, 118 [255 P. 792, 52 A.L.R. 811].) ■ It will be presumed that every word, phrase and

[2]The amendments to sections 3859 and 3860 became effective March 4, 1972. The trial was held June 8, 1972. Therefore, the question arises whether the statutes, as amended, are inapplicable in this action on the ground they operate retrospectively to deprive appellant of the right to claim reimbursement for payments made prior to 1972.

As will appear subsequently herein, the amendments affect only the *procedure* for enforcing a claim for reimbursement where an employee settles his action against a third party without the employer's consent. Thus, the amendments operate only prospectively because the procedure prescribed therein can become operative only when a settlement is made. In the instant action, the settlement was made in June 1972. Therefore, the amendments apply. (See: *Aetna Cas. & Surety Co.* v. *Ind. Acc. Com.* (1947) 30 Cal.2d 388, 393-394 [182 P.2d 159]; *Estate of Patterson* (1909) 155 Cal. 626, 638 [102 P. 941]; *Olivas* v. *Weiner* (1954) 127 Cal.App.2d 597, 600-601 [274 P.2d 476]; *National Auto. & Cas. Ins. Co.* v. *Downey* (1950) 98 Cal.App.2d 586, 590-591 [220 P.2d 962]; *California Emp. etc. Com.* v. *Smileage Co.* (1945) 68 Cal.App.2d 249, 252 [156 P.2d 454].)

[3]As used in Labor Code sections 3850-3864, which provide for the employer's remedies against a third party tortfeasor, the term "employer" includes an employer's workmen's compensation insurance carrier. (Lab. Code, § 3850, subd. (b), § 3211.) Upon payment of compensation to an injured employee, the carrier becomes subrogated to the employer's rights against the third party, and may enforce those rights in its own name. (*Tate* v. *Superior Court* (1963) 213 Cal.App.2d 238, 244 [28 Cal.Rptr. 548].)

provision used in a statute was intended to have some meaning and to perform some useful office (*Prager* v. *Israel* (1940) 15 Cal.2d 89, 93 [98 P.2d 729]), and a construction making some words surplusage is to be avoided. (*People* v. *Gilbert* (1969) 1 Cal.3d 475, 480 [82 Cal.Rptr. 724, 462 P.2d 580]; *Woodmansee* v. *Lowery* (1959) 167 Cal.App.2d 645, 650 [334 P.2d 991].) A statute must be read and considered as a whole, and each section must be reconciled with the others and given effect, if possible. (Code Civ. Proc., § 1858; *In re Bandmann* (1958) 51 Cal.2d 388, 393 [333 P.2d 339].)

■ Applying these principles to sections 3859 and 3860, it appears that in enacting the 1971 amendments thereto, the Legislature intended to change the law to provide: ■ an employee may settle his claim against a third party without the employer's consent; (2) such a settlement is not, without more, subject to the employer's lien for reimbursement for compensation benefits paid to the employee whenever a *Witt* v. *Jackson, supra,* 57 Cal.2d 57, defense is pleaded; (3) the employer retains the right to recover such payments in case the employee settles, but he must do so by bringing an action against the third party pursuant to Labor Code section 3852.[4] The employer's right to reimbursement out of the settlement proceeds remains intact only if we ignore the phrase "Except as provided in Section 3859" appearing in section 3860, subdivision (b). This we cannot do.

Appellant contends the Legislature did not intend to abolish the employer's lien on the proceeds of a settlement made without his consent, because such a result would defeat the dual purpose of the subrogation provisions (Lab. Code, §§ 3850-3864) of the Workmen's Compensation Act, namely: (1) to insure full reimbursement to the employer for the amount of compensation benefits paid to the employee, and (2) to prevent the employee's double recovery of payments for the same compensable injury. (See *Jacobsen* v. *Industrial Acc. Com.* (1931) 212 Cal. 440, 447-448 [299 P. 66]; *Sanstad* v. *Industrial Acc. Com.* (1959) 171 Cal. App.2d 32, 35 [339 P.2d 943].) Neither of these purposes is thwarted by the amendments to sections 3859 and 3860.

---

[4]Labor Code section 3852 provides in pertinent part: ". . . Any employer who pays, or becomes obligated to pay compensation, or who pays, or becomes obligated to pay salary in lieu of compensation, may likewise make a claim or bring an action against such third person. In the latter event the employer may recover in the same suit, in addition to the total amount of compensation, damages for which he was liable including all salary, wage, pension, or other emolument paid to the employee or to his dependents."

Under the amendments, where the employee settles his claim against the third party without the employer's consent, the employer may recover the amount of workmen's compensation benefits paid the employee by bringing an action against the third party pursuant to Labor Code section 3852. The rule against double recovery prevents the employee from retaining third party damages except to the extent they exceed compensation benefits received by him. (*Witt* v. *Jackson, supra,* 57 Cal.2d at p. 73; *Corley* v. *Workmen's Comp. Appeals Bd.* (1971) 22 Cal.App.3d 447, 453 [99 Cal.Rptr. 242].) Appellant argues that unless the amount of the compensation payments made by the employer is deducted from the settlement, the employee will receive double recovery. ▇ However, "[s]ections 3859 and 3860 envisage only a settlement which covers the totality of claims, general as well as special damages, claims for which the employee has not been compensated and seeks compensation plus claims by the employer for reimbursement for his outlay." (*LaBorde* v. *McKesson & Robbins, Inc.* (1968) 264 Cal.App.2d 363, 370 [70 Cal.Rptr. 726], disapproved on other grounds in *Brown* v. *Superior Court* (1970) 3 Cal.3d 427, 433 [90 Cal.Rptr. 737, 476 P.2d 105].) The conceivable reason an employer would withhold his consent to a settlement of the employee's claim against a third party is that the settlement does not include the amount of compensation benefits paid by the employer.[5] In this situation, it is not necessary to subject the settlement to the employer's claim for compensation payments in order to prevent double recovery by the employee.

Amici curiae for appellant contend that sections 3859 and 3860, as amended, are unconstitutional because they deprive the employer of his property without due process of law and deny him equal protection of the laws. We disagree. ▇ There is no lack of due process. The amendments do not abolish the employer's right to recover the amount of his compensation payments from a third party in the event of a settlement; they merely provide that he must do so by bringing an action against the third party. ▇ The equal protection argument is based on the fact that under Labor Code section 3856, subdivision (b),[6] the employer

---

[5]This was the situation in the instant case (fn. 1).

[6]Labor Code section 3856: "In the event of suit against such third party: . . . (b) If the action is prosecuted by the employee alone, the court shall first order paid from any judgment for damages recovered the reasonable litigation expenses incurred in preparation and prosecution of such action, together with a reasonable attorney's fee which shall be based solely upon the services rendered by the employee's attorney in effecting recovery both for the benefit of the employee and the employer. After the payment of such expenses and attorney's fee the court shall, on application of the employer, allow as a first lien against the amount of such judgment for damages, the amount of the employer's expenditure for compensation together with any amounts to which he may be entitled as special damages under Section 3852."

is given a first lien on a judgment recovered by the employee in his action against the third party, whereas under sections 3859 and 3860, if the action results in settlement the employer has no such lien. We doubt that such lien would be allowed in an action wherein a defendant alleged and proved a *Witt* v. *Jackson, supra,* 57 Cal.2d 57, defense. (See *Harness* v. *Pacific Curtainwall Co.* (1965) 235 Cal.App.2d 485 [45 Cal.Rptr. 454].)

It is true that two classes of employers may thus be created. ■ However, the Constitution does not require uniform treatment, but only a reasonable basis for legislative classification. (*Bilyeu* v. *State Employees' Retirement System* (1962) 58 Cal.2d 618, 623 [25 Cal.Rptr. 562, 375 P.2d 442].) " 'Wide discretion is vested in the Legislature in making the classification and every presumption is in favor of the validity of the statute; the decision of the Legislature as to what is a sufficient distinction to warrant the classification will not be overthrown by the courts unless it is palpably arbitrary and beyond rational doubt erroneous. . . . A distinction in legislation is not arbitrary if any set of facts reasonably can be conceived that would sustain it.' " (*Mathews* v. *Workmen's Comp. Appeals Bd.* (1972) 6 Cal.3d 719, 739 [100 Cal.Rptr. 301, 493 P.2d 1165]; *Sacramento M. U. Dist.* v. *P. G. & E. Co.* (1942) 20 Cal.2d 684, 693 [128 P.2d 529].) The legislative classification is presumed to be valid and will be sustained "unless it is manifestly without support in reason." (*Western Indemnity Co.* v. *Pillsbury* (1915) 170 Cal. 686, 702 [151 P. 398].) ■ An employer may recover against a third party tortfeasor for compensation payments only if the employer is free from any pleaded concurrent negligence contributing to the employee's injuries. (*De Cruz* v. *Reid* (1968) 69 Cal.2d 217, 222-223 [70 Cal.Rptr. 550, 444 P.2d 342]; *Witt* v. *Jackson, supra,* 57 Cal.2d at pp. 71-73.) Where the employee's action against the third party is pursued to judgment, there has been a trial on the issue of the employer's concurrent negligence, if raised, and that issue has been determined; this affords a basis for the granting or denial of the employer's lien. However, where the action terminates in settlement, ordinarily there has been no judicial determination of any of the issues raised; hence, there is no basis upon which to allow the lien. ■ It follows that there is no constitutional infirmity in allowing the employer to claim a lien on a judgment, while denying him that right in the event of a settlement such as this one.

To summarize: under sections 3859 and 3860, as amended, an employee may settle his claim against a third party tortfeasor without the consent of the employer; such a settlement is not subject to any lien based upon the employer's claim for reimbursement of compensation payments under

such pleadings as here present; rather the employer must assert such claim by way of an action against the third party. Thus, the trial court properly denied appellant's motions to set aside the settlement and to impress a lien thereon for the recovery of compensation benefits paid.

We turn now to the question whether defendants' motion for nonsuit on the complaint in intervention was properly granted. Appellant's right to recover on its complaint depended initially upon establishing defendants' negligence and prevailing over any alleged contributory negligence of plaintiff. (See *Brown* v. *Superior Court, supra,* 3 Cal.3d at p. 432.) Once these factors were established, appellant would be entitled to recover unless defendants proved that plaintiff's employer was concurrently negligent and that such negligence contributed to plaintiff's injuries. (*Witt* v. *Jackson, supra,* 57 Cal.2d at pp. 71-73.) Appellant's position in the trial court was that defendants' negligence and plaintiff's lack of contributory negligence were established by the settlement, leaving for determination only the issue of the concurrent negligence of plaintiff's employer.

Appellant renews this contention here, citing *Brown* v. *Superior Court, supra,* decided before the 1971 amendents of the Labor Code. ■ However, *Brown* does not support appellant's position and, on the contrary, indicates that the mere fact of settlement does not establish either the third party's negligence or the employee's lack of contributory negligence. (3 Cal. 3d at pp. 431, 432.) In the instant case, the record shows only that plaintiff and defendants reached a settlement to which appellant did not consent; there is no showing that the issues of their respective negligence or contributory negligence were determined, either prior to or as an incident of the settlement. Therefore, appellant had the burden of proof (Evid. Code, § 521) of defendants' negligence. Since appellant offered no evidence on such issue, the trial court properly granted defendants' motion for a judgment of nonsuit on the complaint in intervention. (See *Palazzi* v. *Air Cargo Terminals, Inc.* (1966) 244 Cal.App.2d 190, 194-195 [52 Cal.Rptr. 817]; *Stephan* v. *Proctor* (1965) 235 Cal.App.2d 228, 231 [45 Cal.Rptr. 124]; *Estate of Ivey* (1928) 94 Cal.App. 576, 581 [271 P. 559].)

The orders and the judgment are affirmed.

Files, P. J., and Jefferson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 13, 1974.