[Civ. No. 42080. Second Dist., Div. Two. Mar. 13, 1974.]

ANDREW J. CARDEN, Plaintiff and Respondent, v.
ERNEST OTTO, Defendant and Respondent;
UNIGAS, INC., Claimant and Appellant.

888

## Counsel

Herlihy, Herlihy, Jones & Nelson and K. S. Burns for Claimant and Appellant.

Waters, McCluskey & Corcoran and Laurence R. Corcoran for Defendant and Respondent.

Joseph D. Flaum and Al Schallau for Plaintiff and Respondent.

## Opinion

**COMPTON, J.**—Andrew J. Carden (plaintiff) was employed by Unigas, Inc. (employer) as a truck driver. Employer is a supplier of propane gas and plaintiff's duties required him to drive a tank truck to the premises of the employer's customers and transfer the propane gas from the truck to the customer's storage tank. Otto's Ranch (defendant) was one such customer.

On July 12, 1966, plaintiff was operating a truck which employer had acquired only a day or so before. In the course of discharging a supply of gas at defendant's premises a mishap occurred in which gas escaped from the hose, a fire occurred and plaintiff was injured.

Plaintiff elected to apply for and accept benefits under the workmen's compensation law which benefits up to the time of the judgment in this case were slightly in excess of $40,000. He also filed an action for personal injuries and joined as defendants Otto's Ranch, the manufacturer and seller of the truck. Employer did not intervene in the action and was not joined as a party. It did file a claim of lien.

Defendant's answer pleaded an affirmative defense seeking credit for the amount of the workmen's compensation benefits because of the employer's concurrent negligence under the now familiar rule of *Witt* v. *Jackson,* 57 Cal.2d 57 [17 Cal.Rptr. 369, 366 P.2d 641]. Employer was advised of this defense in an exchange of correspondence with plaintiff's counsel. Employer's counsel in this exchange asked plaintiff's counsel to notify them upon receipt of a notice of eligibility to file a certificate of readiness. Such notice was never received and there is considerable dispute as to whether employer's counsel was ever made aware of the trial date. It is clear that prior to trial employer rejected an offer of $2,000 to settle its claim.

On June 22, 1972, the date set for trial of the matter, plaintiff dismissed his action as to all but the defendant Otto's Ranch. The plaintiff and defendant then stipulated to a judge pro tempore, waived a jury and requested permission to "try" the *Witt* v. *Jackson* defense pursuant to Code of Civil Procedure section 597. The "trial" consisted of defendant's counsel reading into the record selective and limited parts of *plaintiff's* deposition. No witnesses were called, no other evidence was produced and *counsel for plaintiff* advised the court that he felt the evidence supported a finding that employer was negligent. The court then found that the employer was negligent following which defendant stipulated to a judgment of $35,000.

As a result of this procedure, during which employer was neither present nor represented, a judgment was rendered against defendant and in favor of plaintiff in the sum of $35,000 with the additional recitals that employer was negligent and its lien disallowed. Plaintiff's attorney was awarded $14,000 or 40 percent of the judgment.

Employer subsequently moved unsuccessfully to set aside the judgment, for a new trial and for allowance of its lien, and now appeals from the judgment.

■ The provisions of the Labor Code which provide for employer's[1] subrogation (Lab. Code, § 3850 et seq.) serve to bar double recovery by an employee who elects to claim benefits under the code and also seeks compensation for his injuries from a negligent third party. (*Corley* v. *Workmen's Comp. Appeals Bd.*, 22 Cal.App.3d 447 [99 Cal.Rptr. 242].) It has been repeatedly held that an employer who is obligated to pay workmen's compensation benefits to an employee injured by a negligent third party has three options available for recovering the amount so expended.

He may bring an action directly against the third party (Lab. Code, § 3852), he may join as a plaintiff in the employee's action or intervene therein (Lab. Code, § 3853), or he may claim a lien on the employee's recovery (Lab. Code, § 3856, subd. (b)). (*Brown* v. *Superior Court*, 3 Cal.3d 427 [90 Cal.Rptr. 737, 476 P.2d 105]; *Witt* v. *Jackson, supra.*)

■ By the time of the trial date here the employer's independent action was barred by the one-year statute of limitations (*Aetna Cas. etc. Co.* v. *Pacific Gas & Elec. Co.*, 41 Cal.2d 785 [264 P.2d 5, 41 A.L.R.2d 1037]) and the judgment operates to bar the employer's lien and its right to intervene and further litigate its claim against the defendant.

---

[1]Throughout the remaining discussion we use the term "employer" to include the compensation carrier where appropriate.

Employer is thus a party aggrieved by the judgment with standing to appeal. (Code Civ. Proc., § 902.) By moving to set aside the judgment employer became a party to the record and thus has a right to a review of the judgment and its effect on employer's claim against the defendant. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, p. 4115; *Greif* v. *Dullea,* 66 Cal.App.2d 986 [153 P.2d 581]; *Gardner* v. *Trevaskis,* 158 Cal.App.2d 410 [322 P.2d 545].)

■ The issue of the employer's negligence is not res judicata since the judgment is not binding on the employer who was neither a party to the action nor in privity with a party.

The right to intervene does not, in the absence of its exercise, carry the risk of a binding judgment against the person having such right. (46 Am. Jur.2d, Judgments, § 530.)

■ A person who is not a party or privy to a party to an action is not bound by or entitled to claim the benefits of an adjudication upon any matters decided in the action. (Rest., Judgments, § 93.)

The question of who is in privity with a party to an action varies with the circumstances of each case. Generally speaking, it connotes a person who is so identified in interest with another that he represents the same legal right. The interests of the two must be harmonious and not in conflict. (*Zaragosa* v. *Craven,* 33 Cal.2d 315 [202 P.2d 73, 6 A.L.R.2d 461]; *Crumpler* v. *Board of Administration,* 32 Cal.App.3d 567, at p. 583 [108 Cal.Rptr. 293].)

In litigating the issue of the employer's contributory negligence the employee does not represent the same "legal right" as the employer. As was stated in *Brown* v. *Superior Court, supra, at* page 433, "[T]he employee thus lacks such mutuality of interest in that issue as might be helpful to the employer."

In fact, only the exclusivity of the workmen's compensation remedy prevents the employee from joining the employer as a defendant.

■ To begin with, the two causes of action differ. Labor Code section 3852 created a new cause of action for the employer which is distinct and separate from that of the employee. (*City of Los Angeles* v. *Howard,* 80 Cal.App.2d 728 [182 P.2d 278].) The employer's action is one for injury to property while the employee's action is for injury to person. (*Fidelity & Cas. Co.* v. *McMurry,* 217 Cal.App.2d 767 [32 Cal.Rptr. 243].)

Furthermore, there is a clear split of authority in Court of Appeal decisions regarding the issue of whether the employer's negligence can bar his right to credit the judgment against future compensation benefits. (See

*Corley* v. *Workmen's Comp. Appeals Bd., supra,* 22 Cal.App.3d 447, holding credit is allowed; *Nelsen* v. *Workmen's Comp. App. Bd.,* 11 Cal. App.3d 472 [89 Cal.Rptr. 638], denying credit to negligent employer.) The Supreme Court denied a hearing in *Corley* and since it was the more recent of the two cases it might be argued that it is controlling. However, until that conflict is definitely resolved a plaintiff-employee would be motivated to urge his employer's negligence rather than contest it.

Finally, the statutory scheme for distribution of the recovery requires the employee, in the absence of any agreement to the contrary, to bear the cost of attorney's fees awarded for efforts expended on behalf of the employer. (Lab. Code, § 3856; *Fuchs* v. *Western Oil Fields Supply,* 25 Cal. App.3d 728 [102 Cal.Rptr. 74]; *Moreno* v. *Venturini,* 1 Cal.App.3d 286 [81 Cal.Rptr. 551]; *Branscum* v. *State Comp. Ins. Fund,* 232 Cal.App.2d 352 [42 Cal.Rptr. 682].)

A graphic example of the result of this scheme is to be found in the case at bar.

The judgment here was $35,000 and the attorney's fees were 40 percent. Assume that plaintiff had successfully defeated the *Witt* defense and recovered the additional $40,000 in compensation benefits or a judgment of $75,000. At 40 percent, his attorney would receive $30,000 reducing the judgment to $45,000 which would then be subject to the $40,000 lien for a net of $5,000 to plaintiff. Good for plaintiff's lawyer—not good for plaintiff because the more he recovers the less he gets.

Thus we conclude that a judgment rendered in an action between the plaintiff-employee and a third party is not binding on the nonparty employer, nor can the employer rely on such judgment to establish defendant's negligence or the lack of his employee's contributory negligence. (Rest., Judgments, § 93.)

The rule enunciated in *Witt* v. *Jackson, supra,* which states that a negligent employer may not benefit from his own wrong by recovering from a third party the amount expended for workmen's compensation benefits, has the result of fixing the duty to pay the costs of the benefits on either the third party or the employer depending on the latter's negligence or lack thereof. *(Corley, supra.)* In the *Witt* case the employer had intervened in the employee's lawsuit and the issue arose in connection with jury instructions. The Supreme Court in that case did not address the question of the procedure for determining the employer's negligence although it did indicate that the issue could be raised in an action brought by either the employee or the employer.

In *City of Sacramento* v. *Superior Court,* 205 Cal.App.2d 398 [23 Cal.Rptr. 43], it was held that the third party defendant could cross-complain and join the employer in an action filed by the employee. Thus the employer's freedom of choice of alternatives was substantially circumscribed. (Also see *Chick* v. *Superior Court,* 209 Cal.App.2d 201 [25 Cal. Rptr. 725].)

*Tate* v. *Superior Court,* 213 Cal.App.2d 238 [28 Cal.Rptr. 548], declared that the filing of a cross-complaint and joinder of the employer was not the only way in which the third party defendant could raise the *pro tanto* defense of the employer's contributory negligence and held that the matter could be raised as an affirmative defense in the answer to the plaintiff-employee's complaint.

In reaching its conclusion the *Tate* court observed that the employer and his compensation carrier were not necessary or indispensable parties in the action between the employee and the third party even though the *Witt* defense was raised. The result of this is that such an action could proceed to judgment as between the two principal parties and that judgment could give credit to the third party for the compensation benefits paid by the employer, thus eliminating the employer's lien.

*Tate* did not, and we have found no case that does, answer the question of what effect such a judgment has on the employer's rights as against the third party tortfeasor.

There is dicta in the *Tate* opinion to the effect that in such a situation the employee represents the employer in a manner analogous to a trustee bringing an action on behalf of the beneficiaries. This, of course, suggests the existence of a fiduciary relationship, one which, as we have seen, clearly does *not* exist and more importantly a privity which could invoke application of the doctrine of res judicata against the nonparty employer. In fact, such a statement is to be found in a footnote at page 479 of *Nelsen* v. *Workmen's Comp. App. Bd.,* 11 Cal.App.3d 472 [89 Cal.Rptr. 638], but there again the statement was dicta and wholly unnecessary to the result.

This language from *Tate* suggesting the representative status of the employee was repeated with approval in *Benwell* v. *Dean,* 249 Cal. App.2d 345 [57 Cal.Rptr. 394]. However, in that case, while the employer was not a party at the time the principal lawsuit was tried between the employee and the third party, he was a party at the time the issue of his contributory negligence was litigated. In *Benwell* the jury had returned a verdict for plaintiff-employee which verdict included the amount of the compensation benefits. On a subsequent motion to bar the lien the employer

was served with notice of the motion and permitted to participate in the hearing on the motion. The Court of Appeal in affirming the trial court's denial of the employer's lien and reduction of the judgment, pointed out that the *Witt* v. *Jackson* issue had been severed from the main trial and that the employer at the hearing on the motion failed to object to the court's determination of the issue without a jury.

Thus neither *Tate* nor *Benwell* are authority for the proposition that there is sufficient privity between the employee and the employer to give rise to the doctrine of res judicata where the issue of employer negligence is tried in an action solely between employee and the third party. The code itself creates no such privity.

This discussion, however, is of little comfort to an employer whose independent action is barred by the statute of limitations and who has failed to intervene prior to trial. In such a situation if the lien is barred as a result of the action between the plaintiff and defendant, the right to recover from the third party is lost, not because the matter is res judicata but because the right of action has been lost by the passage of time.

In the case where the employer's negligence is not an issue, the problem is not generally one of major concern because the employer's lien right will subsist. However, where the *Witt* defense is interposed, it will generally be the situation that the statute of limitations has run on the employer's independent action, leaving intervention as the only option open to the employer. That option is available to the employer as a matter of right "at any time before trial on the facts." (Lab. Code, § 3853.)

At this point it is germane to trace the development of the law since *Witt* v. *Jackson* as it affects settlements between the employee-plaintiff and third parties.

Formerly, neither a claim by the employer nor the employee against a third party could be settled or released without the written consent of both. (Former Lab. Code, § 3859.) Problems of settlement which arose under that rule (see *Smith* v. *Trapp*, 249 Cal.App.2d 929 [58 Cal.Rptr. 229], and *LaBorde* v. *McKesson & Robbins, Inc.*, 264 Cal.App.2d 363 [70 Cal. Rptr. 726]) were laid to rest in *Brown* v. *Superior Court*, 3 Cal.3d 427 [90 Cal.Rptr. 737, 476 P.2d 105], where it was held that the section as it then read would not bar a settlement between the employee and the third party once the issue of the third party's negligence and the *employee's* contributory negligence had been determined favorably to the employee and thus favorably to the employer and the only issue remaining in the case was the concurrent negligence of the *employer*. In such a situation it

was deemed proper for the employee to accept "a specified sum from the third party in settlement of the employee's share of the total claim free and clear from the reimbursement rights asserted by the employer. (*Brown, supra,* at p. 432.) The clear holding there was that the employee of course could not, in settling his claim, impair to any degree the ability of the employer to effectively litigate as against the third party the remaining issue of his concurring negligence.

Following *Brown,* Labor Code section 3859 was amended in 1971 to add the following: "(b) Notwithstanding anything to the contrary contained in this chapter, an employee may settle and release any claim he may have against a third party without the consent of the employer. *Such settlement or release shall be subject to the employer's right to proceed to recover compensation he has paid in accordance with Section 3852.*" (Italics added.)

The effect of this additional language was to eliminate from the settlement picture the requirement of the *Brown* case that the issue of negligence and contributory negligence as between plaintiff-employee and third party defendant be first resolved favorably to the plaintiff-employee. This amendment, however, did not authorize the employee to compromise the issue of the employer's negligence.

In the recent case of *Van Nuis* v. *Los Angeles Soap Co.,* 36 Cal.App.3d 222 [111 Cal.Rptr. 398], an injured employee sued a third party. The compensation carrier filed a lien claim and intervened in the action. Before trial a settlement between the employee and the third party was agreed to without consent of the intervening carrier. The amount of the settlement did not include the amount of the intervener's claim for reimbursement. This court held that the settlement was consistent with the code in that the carrier's right to proceed against the third party remained unimpaired. It was further held that the settlement did not resolve the issue of defendant's negligence and plaintiff-employee's contributory negligence to the benefit of the carrier (employer) and those issues would have to be faced in the subsequent action.

In *Van Nuis* the employer had intervened before the settlement and that settlement could not operate to prevent the employer from going forward with its claim. It would necessarily follow that any similar settlement reached prior to the trial of the facts could not terminate the right of an employer who has not intervened from subsequently doing so.

On the other hand where the parties proceed to trial on the facts, an employer who has *proper notice* and fails to intervene cannot later do so,

and if his independent action is barred his claim is effectively foreclosed. The intent of the law is that the entire matter be tried in one action and not piecemeal. (Lab. Code, § 3853, which requires the employer's independent action, if filed, be consolidated with the employee's action; see also *Benwell* v. *Dean,* 249 Cal.App.2d 345 [57 Cal.Rptr. 394].)

The matter of notice to the employer was dealt with in *Brandon* v. *Santa Rita Technology, Inc.,* 25 Cal.App.3d 838 [102 Cal.Rptr. 225], which declared that due process required that the employer be formally served in a timely fashion with a copy of the pleading which placed his negligence in issue. Timely notice is essential to permit the employer to intervene if he so desires.

Since the right to intervene exists up to the time of trial on the facts, proper notice of the trial date is essential. Proper and orderly procedure dictates that the notice be a formal one and not be left to informal communication between counsel.

In the case at bar neither the service required by *Brandon* nor formal notice of trial were afforded the employer. Furthermore, both the plaintiff and defendant admit that in reality what occurred was a settlement designed to dispose of both employee and employer claims.

When the employer after learning of the proposed judgment appeared on the scene and sought to litigate its claim, it was an abuse of discretion for the trial court to refuse the request.

Since the result of our holding is to expose defendant to possible further liability it would be inequitable to permit the judgment to stand as between plaintiff and defendant. We are of the opinion that the proper procedure is to restore the parties to the status quo which existed at the time of the purported settlement. In that posture the employer can then intervene and the parties may again affect a settlement under the principles enunciated in *Van Nuis, supra,* leaving the employer the right to proceed independently or the entire matter can be litigated.

The judgment is reversed. Plaintiff Carden and defendant Otto's Ranch are to bear equally the costs of this appeal.

Fleming, Acting P. J., and Beach, J., concurred.