Opinion
DUNN, J.
This is an appeal from an order of the superior court allowing the lien claim of a workmen’s compensation insurance carrier against the proceeds of a settlement which appellants, plaintiffs, in a wrongful death action, made with three of the four defendants in that action.
*975 Appellants are the widow and children of decedent Joaquin S. Marrujo. On September 18, 1973, they filed a wrongful death action against three physicians and a hospital, alleging in their complaint that the decedent’s death on October 20, 1972, following a lumbar laminectomy on that date, was the result of defendants’ malpractice and negligence. Defendants filed answers denying all allegations of the complaint. One defendant, Dr. Hunt, in addition pleaded affirmative defenses of contributory negligence and assumption of the risk on the part of the decedent.
Respondent is the workmen’s compensation insurance carrier of decedent’s employer. Prior to commencement of the action, respondent paid $23,675 in settlement of the widow’s claim for death benefits (Lab. Code, § 4700 et seq.) under the Workmen’s Compensation Act after having initially contested the claim on the issue of industrial causation. Respondent had timely notice of the wrongful death action. In June 1974 its representative, Underwriters Adjusting Company, served and filed in that action a notice that it claimed a first lien “per Labor Code Sections 3850 to 3864 on any judgment or recovery or settlement by plaintiff [i/c], in an amount of $32,720.86 total.”
Respondent elected not to file a complaint in intervention, instead relying on its notice of lien claim. During the second week of trial appellants’ counsel advised respondent’s counsel that he was negotiating a settlement with three of the defendants (Dr. Parsa, Dr. Cheng and the Carson Inter-Community Hospital). At a conference in chambers during the course of trial, counsel for appellants and counsel for such defendants informed the court that they had agreed to a settlement pursuant to which appellants agreed to release the three defendants and to indemnify them against any liability on respondent’s lien claim in return for their agreement to pay appellants $245,000. The record does not show that counsel for respondent was present at the conference, or that he agreed to the terms of the settlement. Appellants subsequently offered respondent $5,000 to release its lien claim on any judgment which might be obtained against the remaining defendant, Dr. Hunt. Respondent refused the offer.
Appellants proceeded to trial against Dr. Hunt; the trial resulted in a verdict in favor of that defendant and against appellants. After the court denied appellants’ motion for new trial, respondent moved for allowance of the lien, from the proceeds of the settlement, in the reduced amount of $23,675, which respondent had paid as death benefits. Over the *976 opposition of appellants, the court granted the motion and ordered payment of that sum to respondent by two of the defendants,[1] subject to payment by respondent of $1,536 for costs and $9,470 for attorney fees to appellants’ counsel.[2] (See Lab. Code, § 3860, subds. (c) through (f); Quinn v. State of California (1975) 15 Cal.3d 162, 176, fn. 20 [124 Cal.Rptr. 1, 539 P.2d 761].)
The provisions of the Labor Code which provide for the subrogation rights of an employer or its compensation insurer (Lab. Code, §§ 3850-3864)[3] serve to bar double recovery by an employee or his heirs who elect to claim workmen’s compensation benefits and also seek damages for the employee’s injury or death from negligent third parties, (Carden v. Otto (1974) 37 Cal.App.3d 887, 891 [112 Cal.Rptr. 749].) Three procedures are available to the employer for recovering the amount of benefits paid. He may: (1) bring an action against the third party (§ 3852); (2) join as a party plaintiff or intervene in an action brought by the employee against the third party (§ 3853); or (3) allow the employee to prosecute such action and apply for a lien upon the net amount of the employee’s judgment (§ 3856, subd. (b)). (Gilford v. State Compensation Ins. Fund (1974) 41 Cal.App.3d 828, 831 [116 Cal.Rptr. 615].) The employer’s rights in respect to settlement of the employee’s claims against third parties are set forth in Labor Code sections 3859 and 3860.
Prior to its amendment in 1971, section 3859 provided in pertinent part: “No release or settlement of any claim under this chapter as to *977 either the employee or the employer is valid without the written consent of both. . . .” The 1971 amendment did not alter this provision, but designated it as subdivision (a) and added subdivision (b), which reads: “Notwithstanding anything to the contrary contained in this chapter, an employee may settle and release any claim he may have against a third party without the consent of the employer. Such settlement or release shall be subject to the employer’s right to proceed to recover compensation he has paid in accordance with Section 3852.” (Stats. 1971, ch. 485, § 1.)
Prior to its amendment in 1971, section 3860 provided in pertinent part: “(b) The entire amount of such settlement, with or without suit, is subject to the employer’s full claim for reimbursement for compensation he has paid . . . .” The 1971 amendment added the following phrase at the beginning of subdivision (b): “Except as provided in Section 3859.” (Stats. 1971, ch. 485, § 2.)
Appellants contend that, because respondent was given timely notice of the wrongful death action and chose not to intervene therein, respondent is relegated to prosecuting its own action against defendants to recover wrongful death benefits it paid, and may not, under the foregoing amendments, recover such benefits from the proceeds of the settlement. We disagree.
The basic rule of statutory construction is that the intention of the Legislature must be ascertained and given effect. (Code Civ. Proc., § 1859; Select Base Materials v. Board of Equal. (1959) 51 Cal.2d 640, 645 [335 P.2d 672].) In ascertaining that intention, a statute must be read and considered as a whole, and each section must be reconciled with the other and given effect, if possible. (Code Civ. Proc., § 1858; In re Bandmann (1958) 51 Cal.2d 388, 393 [333 P.2d 339].) Parts of an amended statute not affected by the amendment will be given the same construction they received before the amendment. (Brailsford v. Blue (1962) 57 Cal.2d 335, 339 [19 Cal.Rptr. 485, 369 P.2d 13].) An exception contained in a statute to the general rule laid down therein must be strictly construed. (City of National City v. Fritz (1949) 33 Cal.2d 635, 636 [204 P.2d 7]; Dufton v. Daniels (1923) 190 Cal. 577, 580 [213 P. 949].)
As they read prior to their amendment in 1971, section 3859 and section 3860 were construed to apply only to a settlement which covers “the totality of claims, general as well as special damages, claims for *978 which the employee has not been compensated and seeks compensation plus claims by the employer for reimbursement for his outlay. Their purpose was to insure the non-negligent employer (or his compensation carrier) against a possibility that the employee might pocket a sum representing workmen’s compensation benefits and thus jeopardize the employer’s subrogated right of reimbursement.” (LaBorde v. McKesson & Robbins, Inc. (1968) 264 Cal.App.2d 363, 370 [70 Cal.Rptr. 726], disapproved on other grounds in Brown v. Superior Court (1970) 3 Cal.3d 427, 433 [90 Cal.Rptr. 737, 476 P.2d 105].) Thus, before their amendment section 3859 and section 3860 required the consent of an employer to a settlement by the employee which included the employer’s claim for reimbursement for workmen’s compensation benefits paid by him, and permitted the employer to recoup from such settlement the amount of his claim. The 1971 amendments created an exception to this rule by (1) authorizing the employee, without the employer’s consent, to effect a settlement which includes only his claim for damages not compensated by workmen’s compensation benefits, and (2) prohibiting payment of the employer’s claim out of the proceeds of such a settlement. We conclude that in amending section 3859 and section 3860 the Legislature intended to create only a limited exception to the existing law so as to permit an employee, without the consent of the employer, to segregate his own claim from that of the employer and to settle such claim for a sum exclusive of the amount of workmen’s compensation benefits paid by the employer. Only if a settlement by the employee meets this requirement is the settlement free from the employer’s claim for reimbursement. Here, the settlement agreement made by appellants included respondent’s claim for reimbursement for its payments of death benefits.[4] It follows that the proceeds of the settlement were subject to respondent’s lien in the amount of the benefits paid by it.
In support of their contention that the settlement herein is not subject to respondent’s claim for reimbursement, appellants cite and rely upon Van Nuis v. Los Angeles Soap Co. (1973) 36 Cal.App.3d 222 [111 Cal.Rptr. 398], an opinion by this division of the Second District. That *979 case does not aid appellants. There, an injured employee sued a third party, who pleaded contributory negligence and alleged a defense based on Witt v. Jackson (1961) 57 Cal.2d 57 [17 Cal.Rptr. 369, 366 P.2d 641].[5] The employee’s workmen’s compensation carrier filed a lien claim and intervened in the action. Before trial a settlement between plaintiff-employee and defendant was agreed to without the consent of the intervening carrier. The amount of the settlement did not include the amount of the carrier’s claim for reimbursement. On these facts, we affirmed an order of the trial court denying the carrier’s motion to impress a lien on the settlement. We also held that the carrier would have to assert its claim for reimbursement by way of an action against the third party, which action was unimpaired by the settlement. In this regard, we pointed out that the settlement did not resolve the issue of defendant’s negligence and plaintiff-employee’s contributory negligence to the benefit of the carrier, and such issue would have to be resolved in the carrier’s action against the defendant. In the instant case, no Witt v. Jackson defense was pleaded; thus there was no issue of concurrent negligence on the part of respondent which would bar its right to recover the amount of death benefits paid by it. Since the settlement here included the amount of respondent’s claim for reimbursement, refusal to allow satisfaction of such claim from the proceeds of the settlement would result in double recovery by appellants.
The order is affirmed.
Kingsley, Acting P. J., concurred.

The record does not indicate why the court ordered that payment to respondent be made by only two of the three defendants who agreed to the settlement.

The motion for allowance of the lien was heard and submitted on March 1, 1976. On March 4, 1976, the trial court issued a minute order announcing its intended decision to grant the motion, and directing respondent to prepare a written order. Such order was signed and filed April 6, 1976. Meanwhile, on March 18, appellants filed their notice of appeal from the minute order of March 4. Inasmuch as that was not an appealable order, the notice of appeal was premature. Pursuant to rule 2(c), California Rules of Court, we treat the notice of appeal as having been filed immediately after entry of the written order of April 6.
That order, which directed payment of lien claim, is appealable since it is, in effect, a final judgment on a collateral issue. (See Code Civ. Proc., § 904.1, subd. (a); Meehan v. Hopps (1955) 45 Cal.2d 213, 216-217 [288 P.2d 267]; Spencer v. Spencer (1967) 252 Cal.App.2d 683, 688-690 [60 Cal.Rptr. 747]; 6 Witkin, Cal. Procedure (2d ed.) Appeal, § 38, p. 4052.)

As used in Labor Code sections 3850-3864, the term “employee” includes any person to whom a claim for workmen’s compensation benefits accrues by reason of the injury or death of the employee, and the term “employer" includes the employer’s compensation insurance carrier. (Lab. Code, § 3850.) In our discussion the term “employee” includes his heirs and the term “employer” includes its compensation carrier.

At the conference in which the parties explained to the court the terms of the settlement, the following exchange occurred: “MR. SICILIANO [attorney for plaintiffs-appellants]: Yes. The plaintiffs have settled their action against Dr. Parsa, Dr. Cheng, and defendant Carson Intercommunity Hospital. The total settlement as to those three defendants only is $245.000.. . .' Further agreed that the plaintiffs will furnish releases to the three named defendants and also indemnify them as to any action resulting from the lien of the workmen’s compensation carrier which is on file in this court for a total of $24.000: MR. HAGER [attorney for defendant Cheng]; In other words, the settlement of $245.000 includes any claim made by the workmen’s compensation carrier. MR. SICILIANO: Correct.”

In Witt v. Jackson (1961) supra, 57 Cal.2d 57, the Supreme Court held: an employer may not recover his expenditure for workmen’s compensation benefits by any of the procedural means provided in the Labor Code if his concurrent negligence contributed to the injury or death of the employee; accordingly, a negligent employer may not recover against a third party tortfeasor; and since the employee may not be allowed double recovery his damages against the third party must be reduced by the amount of compensation benefits he received.