[No. H004752. Sixth Dist. Nov. 30, 1989.]

DONNA B. ELLIS, Plaintiff and Appellant, v.
WELLS MANUFACTURING, INC., Defendant;
STATE COMPENSATION INSURANCE FUND, Claimant and
Respondent.

**COUNSEL**

Paul B. Kemp for Plaintiff and Appellant.

Duane Pang and Krimen, Bjornsen & Klein for Claimant and Respondent.

**OPINION**

**ELIA, J.**—Donna B. Ellis appeals from the trial court's order imposing respondent State Compensation Insurance Fund's (State Fund) lien upon

the settlement between Ellis and Wells Manufacturing, Inc. (Wells). She contends that the court erred in imposing the lien because the *Witt* v. *Jackson* issue was not decided. We agree and reverse.

### FACTS AND PROCEDURAL BACKGROUND

In August 1984, while in the scope and course of her employment, Ellis slipped on the floor of the Polly Prim Bakery, fell into a donut fryer and sustained serious injuries. In December 1984, Ellis filed suit against the manufacturer of the donut fryer, Wells. Wells filed an answer which included a *Witt* v. *Jackson* (1961) 57 Cal.2d 57 [17 Cal.Rptr. 369, 366 P.2d 641] defense.

Ellis received benefits from her employer's workers' compensation carrier, respondent State Fund.

From March 1985 through June 1987, State Fund filed several notices of claims pursuant to Labor Code sections 3850-3864. On June 24, 1987, State Fund filed an amended notice of claim for $80,030.75.

On September 17, 1987, Ellis and Wells settled the case. The terms of the settlement included the provision that Ellis would hold Wells harmless from "any lien or complaint in intervention, or other form of claim made on behalf of the State Compensation Fund" and also stated that plaintiff would defend and indemnify Wells "in any action or proceeding by the State Compensation Fund to enforce its lien."

On September 29, 1987, State Fund filed an amended notice of claim in the amount of $102,870.75. On October 26, 1987, State Fund filed a notice of motion to impose lien upon settlement. Shortly thereafter, on December 14, 1987, State Fund filed a complaint in intervention.

On January 12, 1988, a request for dismissal was filed, dismissing the action with prejudice, pursuant to the settlement with Wells.

On January 22, 1988, the court issued a ruling granting State Fund's request to impose a lien on the settlement. The court stated that the entire amount of the settlement was subject to the employer's full claim for reimbursement of its lien. The court concluded that Labor Code section 3859, subdivision (b), was inapplicable because Ellis did not show "that any settlement was not intended to and did not include the amount of the Employer's [*sic*] claim for reimbursement."

On January 29, 1988, Ellis filed a motion for reconsideration which was denied on March 11, 1988. On April 29, 1988, appellant filed a notice of

motion and motion to clarify and correct settlement and deny lien. On June 22, 1988, an order on motion to impose lien upon settlement was filed. The order denied the motion to clarify and stated that State Fund was entitled to a lien on Ellis's settlement proceeds.

On July 26, 1988, appellant filed this appeal.

### DISCUSSION

Ellis contends that the court erred in imposing a lien upon the settlement because the *Witt* v. *Jackson* issue was never litigated. State Fund, on the other hand, argues that the settlement included the benefits paid to Ellis and thus was subject to State Fund's full claim for reimbursement. For reasons we shall state, we conclude that the *Witt* v. *Jackson* issue precluded imposition of the lien.

Prior to 1971, Labor Code section 3859 required the written consent of both the employer and employee before a claim against a third party tort-feasor could be settled or released. (Former Lab. Code, § 3859; *Associated Construction & Engineering Co.* v. *Workers' Comp. Appeals Bd.* (1978) 22 Cal.3d 829, 836 [150 Cal.Rptr. 888, 587 P.2d 684]; *Carden* v. *Otto* (1974) 37 Cal.App.3d 887, 895 [112 Cal.Rptr. 749].) The consent requirement protected "the rights and interests of employee and employer" and prevented or discouraged "either of them from obtaining a recovery from the third party at the expense or the disadvantage of the other." (*Brown* v. *Superior Court* (1970) 3 Cal.3d 427, 431-432 [90 Cal.Rptr. 737, 476 P.2d 105]; *Associated Construction & Engineering Co.* v. *Workers' Comp. Appeals Bd., supra,* 22 Cal.3d at p. 836.) The pre-1971 statutes insured the "non-negligent employer . . . against a possibility that the employee might pocket a sum representing workmen's compensation benefits and thus jeopardize the employer's subrogated right of reimbursement." (*LaBorde* v. *McKesson & Robbins., Inc.* (1968) 264 Cal.App.2d 363, 370 [70 Cal.Rptr. 726]; *Marrujo* v. *Hunt* (1977) 71 Cal.App.3d 972, 978 [138 Cal.Rptr. 220].)

In *Witt* v. *Jackson, supra,* 57 Cal.2d 57, the California Supreme Court held that an employer could not recover workers' compensation benefits paid by the procedural means set out in the Labor Code if the employer's negligence contributed to the employee's injury. Thus, *Witt* added the requirement that the employer litigate the issue of his own negligence in order to recover benefits paid. At the same time, however, the employer retained the right to veto any settlement. As a consequence, "the contributorily negligent employer enjoyed a tactical advantage in settlement negotiations which did not necessarily reflect his likelihood of success at trial." (*Associ-*

*ated Construction & Engineering Co.* v. *Workers' Comp. Appeals Bd., supra,* 22 Cal.3d at p. 837.)

■ In 1971, Labor Code sections 3859 and 3860 were amended. Section 3859 was amended to include the following language: "Notwithstanding anything to the contrary contained in this chapter, an employee may settle and release any claim he may have against a third party without the consent of the employer. Such settlement or release shall be subject to the employer's right to proceed to recover compensation he has paid in accordance with Section 3852."

Labor Code section 3860, subdivision (b) was amended to read: "Except as provided in section 3859, the entire amount of such settlement, with or without suit, is subject to the employer's full claim for reimbursement for compensation he has paid or become obligated to pay . . . ."

The amendments allowed an employee to segregate his claim against a third party from the employer's claim for reimbursement of benefits. (*Board of Administration* v. *Glover* (1983) 34 Cal.3d 906, 914 [196 Cal.Rptr. 330, 671 P.2d 834].) Thus, the employee could "settle his own claim for a sum exclusive of amounts he had already received in the form of a workers' compensation award without jeopardizing the employer's subrogation right." (*Id.* at pp. 913-914.)

*Van Nuis* v. *Los Angeles Soap Co.* (1973) 36 Cal.App.3d 222 [111 Cal.Rptr. 398] interpreted sections 3859 and 3860. In that case, the court reasoned, "(1) an employee may settle his claim against a third party without the employer's consent; (2) such a settlement is not, without more, subject to the employer's lien for reimbursement for compensation benefits paid to the employee whenever a *Witt* v. *Jackson, supra,* 57 Cal.2d 57, defense is pleaded; (3) the employer retains the right to recover such payments in case the employee settles, but he must do so by bringing an action against the third party pursuant to Labor Code section 3852." (*Id.* at p. 229, [fn. omitted].)

The employee in *Van Nuis* settled with the third party tortfeasor defendants, who had included a *Witt* v. *Jackson* defense in their answer. The settlement excluded the benefits paid to the employee. The court concluded that the employer's carrier could not impose a lien upon the settlement; it had to assert its claim by bringing an action against the third party. The court added, "We doubt that such a lien would be allowed in an action wherein a defendant alleged and proved a *Witt* v. *Jackson, supra,* 57 Cal.2d 57, defense." (36 Cal.App.3d at p. 231.)

The *Van Nuis* court was subsequently confronted with a similar issue in *Marrujo* v. *Hunt, supra,* 71 Cal.App.3d 972. In *Marrujo,* a lien was imposed against the settlement between the plaintiff and third party tortfeasor. The court reasoned that Labor Code sections 3859 and 3860 permitted "an employee, without the consent of the employer, to segregate his own claim from that of the employer and to settle such claim for a sum exclusive of the amount of workmen's compensation benefits paid by the employer. Only if a settlement by the employee meets this requirement is the settlement free from the employer's claim for reimbursement." (*Id.* at p. 978.)

Because the settlement did not segregate the employee's and employer's claim, the court enforced the lien. Significantly, the *Marrujo* court distinguished *Van Nuis* because in *Van Nuis* the settlement excluded benefits paid and the third party tortfeasor alleged a *Witt* v. *Jackson* defense. In *Marrujo,* there was no *Witt* v. *Jackson* issue and thus "there was no issue of concurrent negligence on the part of respondent which would bar its right to recover the amount of death benefits paid by it." (71 Cal.App.3d at p. 979.)

Both *Van Nuis* and *Marrujo* presented distinct factual scenarios. In *Van Nuis,* the settlement excluded the benefits and a *Witt* v. *Jackson* defense was alleged. In *Marrujo,* the settlement included the benefits, but no *Witt* v. *Jackson* issue was presented. The facts here present yet a third situation: the settlement included the benefits and a *Witt* v. *Jackson* defense was asserted.

■ We conclude that the court erred in imposing the lien on the settlement. The fact that the settlement included benefits should not operate to bar Ellis from an opportunity to litigate the *Witt* v. *Jackson* issue. The reason is obvious: to permit a lien here would enable State Fund to recover the full amount of benefits paid regardless of whether the employer was negligent. This would obviate the policy, so clearly expressed in *Witt,* preventing the employer from receiving a double recovery. (*Witt* v. *Jackson, supra,* 57 Cal.2d at p. 73.)

In addition, the fact that the settlement included benefits paid does not, in this case, jeopardize the employer's right to obtain reimbursement. By providing that Ellis would hold Wells harmless against any claim by State Fund, the settlement requires Ellis to defend State Fund's action to recover benefits and, if the employer is not negligent, Ellis must pay State Fund out of the settlement proceeds. (Cf. *Associated Construction & Engineering Co.* v. *Workers' Comp. Appeals Bd., supra,* 22 Cal.3d 829, 839 fn., 7.)

This result is also the equitable one. State Fund can prosecute its complaint in intervention and, if determined not to be negligent, it can recoup the amount of benefits paid. If State Fund is found to be negligent, its

recovery will be reduced accordingly. This result is preferable to permitting a lien to be imposed upon the settlement without determining the issue of State Fund's negligence.

Accordingly, we conclude that the trial court erred in granting the motion to enforce the lien and therefore reverse.

Costs to be awarded to appellant, Ellis.

Agliano, P. J., and Premo, J., concurred.