[No. B017388. Second Dist., Div. Six. Feb. 26, 1987.]

MATTICE INVESTMENTS, INC., et al., Plaintiffs and Appellants, v. DIVISION OF LABOR STANDARDS ENFORCEMENT, Defendant and Respondent.

919

**COUNSEL**

Peterson, Culp & Neal, Robert F. Peterson, Jr., Parke, Anderson & Stoker and Michael Brian Stoker for Plaintiffs and Appellants.

Louis Giannini for Defendant and Respondent.

OPINION

BRADLEY, J.*—Mattice Investment, Inc. etc. (appellants) appeal from a judgment denying a petition for alternate writ of mandate. We affirm.

FACTS AND PROCEDURAL HISTORY

Appellants are contractors who were awarded construction contracts on certain public work projects on the University of California, Santa Barbara campus (UCSB). Respondent is the State of California, Department of Industrial Relations, Division of Labor Standards Enforcement, who is responsible for investigating alleged violations of Labor Code laws as they pertain to public work projects.

On August 13, 1984, UCSB requested copies of appellants' certified payroll records pursuant to Labor Code section 1776, subdivision (b)(3).[1] Apparently the request for records originated with the carpenters' union and was made through UCSB (body awarding the contract) pursuant to the code section. Appellants responded that they were entitled to their "costs of preparation" prior to complying with the request. Appellant J.S. Ostrander Construction Company estimated its costs of preparation to be $5,832. The other appellants submitted similar estimated costs of preparation. UCSB reported appellants' estimated costs of preparation to respondent.

On November 7, 1984, a hearing was held to determine whether appellants' estimated costs of preparation were both reasonable and within the provisions of section 1776, subdivision (b)(3). Appellants maintained that the amount of reimbursement included the actual cost of preparing the certified payroll records and the cost of reproducing copies. They offered evidence regarding their respective costs for having their bookkeeping staffs prepare certified payroll records. The hearing officer, an employee of respondent, ruled that section 1776, subdivision (b)(3), did not require that petitioners be reimbursed for the actual cost of preparing certified payroll records. He determined that reasonable costs for preparation was the cost of reproducing copies at the rate of $1 for the first page of the payroll record and 25 cents for each page thereafter, plus $10 for handling costs. The hearing officer therefore concluded that appellants were in violation of section 1776 in that they had failed to supply copies of certified payroll records after a proper request.

---

*Assigned by the Chairperson of the Judicial Council.
[1]All further statutory references are to this code unless otherwise specified.

On July 16, 1985, respondent, by letter, directed appellants to submit certified payroll records on the UCSB project to respondent and to the carpenters union. The directive was made pursuant to section 1776, subdivisions (b)(2) and (b)(3). Enclosed in the letter were a sample reporting form and a check from the carpenters' union for costs of preparation pursuant to section 1776, subdivision (b)(3). Appellants were also cautioned about penalties for failure to comply.

On August 5, 1985, appellants filed a petition for writ of mandate asking the court to set aside respondent's July 16, 1985, orders.[2] Appellants contended that respondent erred in finding that subdivision (b)(3) "costs of preparation" were limited to the costs of reproducing copies. The court denied the petition for writ of mandate, assessed penalties against appellants, and this appeal followed.

## DISCUSSION

Section 1776 was enacted in substantially its present form in 1978 and amended in 1983.[3] Subdivision (a) requires the contractor to keep an accurate payroll record showing certain specified payroll information. Subdivision (b) requires the payroll record to be certified and available for inspection on the following basis; (1) a certified copy of the payroll record shall be available for inspection or furnished to the employee upon request; (2) a certified copy of the payroll record shall be available for inspection or furnished to the awarding body or the Division of Labor Standards Enforcement (respon-

---

[2]Appellants regarded the directives in respondent's letter of July 16, 1985, as orders.

[3]Section 1776 provides, in pertinent part, as follows: "(a) Each contractor and subcontractor shall keep an accurate payroll record, showing the name, address, social security number, work classification, straight time and overtime hours worked each day and week, and the actual per diem wages paid to each journeyman, apprentice, worker, or other employee employed by him or her in connection with the public work. [¶] (b) The payroll records enumerated under subdivision (a) shall be certified and shall be available for inspection at all reasonable hours at the principal office of the contractor on the following basis: [¶] (1) A certified copy of an employee's payroll record shall be made available for inspection or furnished to *the* employee or his or her authorized representative on request. [¶] (2) A certified copy of all payroll records enumerated in subdivision (a) shall be made available for inspection or furnished upon request to a representative of the body awarding the contract, the Division of Labor Standards Enforcement, and the Division of Apprenticeship Standards of the Department of Industrial Relations. [¶] (3) A certified copy of all payroll records enumerated in subdivision (a) shall be made available upon request *by* the public for inspection or copies thereof made; provided, however, that a request by the public shall be made through either the body awarding the contract, the Division of Apprenticeship Standards, or the Division of Labor Standards Enforcement. *If the requested payroll records have not been provided pursuant to paragraph (2), the requesting party shall, prior to being provided the records, reimburse the costs of preparation by the contractor, subcontractors, and the entity through which the request was made.* The public shall not be given access to *the* records at the principal office of the contractor." (Italicized portions were added by the 1983 amend. (Assem. Bill No. 2037).)

dent); and (3) a certified copy of the payroll record shall be available to the public provided that a request by the public must be made through the awarding body or respondent. The contractor is not entitled to reimbursement costs if the request for copies is made by either the employee, the awarding body, or respondent. If the request is made by the public and the records have not previously been provided to either the awarding body or respondent, the contractor is entitled to be reimbursed for the costs of preparation prior to providing the records.

■ Appellants contend that the trial court erred in adopting the respondent's interpretation of the phrase "costs of preparation." They argue that no records need be furnished until they receive their *actual* costs of preparation. We disagree. The difficulty in appellants' contention is that it ignores the fact that the request for payroll records was made pursuant to subdivision (b)(2) and subdivision (b)(3). The first paragraph of the letter reiterated the public's request pursuant to subdivision (b)(3) and tendered a check for reimbursement of costs for reproducing copies of the records. The second paragraph, however, was a request by respondent for payroll records pursuant to subdivision (b)(2). When respondent makes a subdivision (b)(2) request for payroll records they must be furnished and the contractor is not entitled to reimbursement costs.

At the hearing appellants contended that respondent had conceded that the request for payroll records came only from the public. Respondent denied this contention and stressed to the court that its investigator was making the request pursuant to subdivision (b)(2).[4] Appellants next contended that respondent's request for payroll records was a subterfuge and designed to frustrate the legislative intent of the section. The court expressed interest in this contention and granted appellants 30 days in which to amend their petition.[5] Appellants, however, elected not to amend their petition. The trial court found that respondent had requested the payroll records and appellants had failed to comply.[6] The trial court denied the petition for writ of mandate and assessed penalties. The trial court's ruling was correct.

---

[4]"THE COURT: But you say you are not asking on behalf of yourself. You are asking by a member of the public in this case. [¶] MR. GIANNINI: No. [¶] We have two requests before the Court, your Honor. The request by our investigator was for a certified copy of the payroll records on our behalf, on the behalf of the division."

[5]"It seems to me if you were able to allege that the labor people from the State are just willy-nilly making their request on their behalf without any factual basis whatsoever just because a member of the public wants it, then I would listen very carefully to that argument. I think that would be improper."

[6]"I will hear from Mr. Stoker, because it seems to me that your client has to produce that material without any payment of any kind under any circumstances. I have not figured out how you are claiming to be paid for it . . . . [¶] If somebody else asked for it, then the issue

While judgment could be affirmed on the above ground alone, we deem it our duty to comment on the remaining arguments raised by the appellants. ▮ What are the "costs of preparation" specified as reimbursement costs in conjunction with a subdivision (b)(3) request? Appellants contend that they are the actual costs (wages, supplies, overhead, etc.) of preparing the certified payroll records. Respondent contends that they are the costs of reproducing copies of certified payroll records as established by respondent and now codified in title 8, California Administrative Code, article 6, section 16402.[7]

Appellants cite *Van Nuis* v. *Los Angeles Soap Co.* (1973) 36 Cal.App.3d 222 [171 Cal.Rptr. 398], which we agree is on point. In *Van Nuis,* the court stated: "A statute must be read and considered as a whole, and each section must be reconciled with the others and given effect, if possible. . . ." (*Id.,* at p. 229.) Therefore, subdivisions (a) and (b) must be read as a whole. Subdivision (a) requires the contractor to keep accurate, detailed payroll records and subdivision (b) requires that the records be certified and available for inspection. Subdivision (b) further states that the employee, the respondent, or the public *may* inspect certified copies of the records or request and receive certified copies. If the public requests a certified copy and the copy has not been previously furnished to respondent, the requester must reimburse the costs of preparation. Preparation of what? Certainly not the original records, because the contractor is required to prepare, certify, and have original payroll records available regardless of whether the parties designated in subdivision (b) ever request inspection and/or copies. The only reasonably statutory interpretation of "costs of preparation" is that it relates to the costs of reproducing copies of certified payroll records. This cost represents the contractor's out-of-pocket cost related to the request. We need only point to appellants' letter of August 22, 1986, wherein appellants demand preparation costs in the sum of $5,832 to expose the fallacy of appellants' position.

Appellants contend that the legislative history of the 1983 amendment to section 1776 (Assem. Bill No. 2037) supports their interpretation of the phrase "costs of preparation." They argue that the description of the bill contained in the Summary Digest of Statutes Enacted and Resolutions

---

that you raised might be applicable. That is not the case. When the State asks for it, you have to give it to them. I will listen to your argument why that isn't the situation."

[7]Section 16402. "Cost. [¶] The cost of preparation to each contractor, subcontractor, or public entity when the request was made shall be provided in advance by the person seeking the payroll record. Such cost shall be $1 for the first page of the payroll record and 25 cents for each page thereafter, plus $10 to the contractor or subcontractor for handling costs. Payment in the form of cash, check or certified money order shall be made prior to release of the documents to cover the actual costs of preparation."

Adopted in 1983 of the California Legislature supports their position. We disagree. This description, reproduced in appellants' closing brief, simply paraphrases the language of the statute. The description does not state what the costs of preparation are. Our review of the legislative history of the 1983 amendment did not disclose any direct comment regarding what the Legislature intended by the phrase "costs of preparation." However, a statement prepared by the author of the amendment, Assemblyman William Baker, indicates that he intended the amendment to provide reimbursement to contractors in cases where the state was already entitled to reimbursement.[8] In other words, costs for reproducing copies of payroll records claimed and chargeable by the state would now, under the amendment, be claimed and chargeable by contractors.

Finally, we note that respondent's letter of July 16, 1985, requested certified payroll records, not *copies* of certified payroll records. However, appellants were apprised of the requirements of subdivision (b)(2) and (3) as early as their letter of August 22, 1984. Additionally, counsel for respondent made it clear at the hearing that *copies* of payroll records were requested.[9] Appellants do not contend they were misled or confused by the request of respondent and we find that the record does not disclose otherwise.

Although we affirm the trial court's order denying appellants' petition for alternate writ of mandate, we reverse on the assessment of penalties.[10] As appellants point out, no reported appellate court decision has construed the 1983 amendment to section 1776. Appellants prosecuted this appeal in good faith setting forth what they believed was a meritorious position. Assessing penalties in a sum which now amounts to over $100,000 is an unreasonable

---

[8]"Mr. Chairman: [¶] AB 2037 provides that when certified copies of payroll records on public works projects are to be made at the request of other than a government agency, the person making the request shall pay for the certified copies. [¶] The bill will *not* impose a cost on the government entity which awarded the public works contract or the divisions of labor standards enforcement or the division of apprentice standards should they request payroll copies for public purposes. The bill applies when *others* request copies for private purposes. [¶] The existing law now refers to the rules providing for fees ... but the division interprets that narrowly to fees to reimburse any of the state's costs. This bill will clarify the matter when the public works contractors provide information to private parties for private purposes."

[9]"Mr. GIANNINI: The request is made under two sections of the code, your Honor, one on our behalf and one on behalf of the Union, the carpenters union. [¶] THE COURT: All right. [¶] MR. GIANNINI: So, we want a certified copy of the payroll for ourselves and we don't have to pay any charges. [¶] THE COURT: All right. [¶] MR. GIANNINI: We want a copy for the union and we offer to pay a reason [*sic*] cost of reproducing."

[10]Section 1776, subdivision (f) provides, in part, as follows: "... Should noncompliance still be evident after the 10-day period, the contractor shall, as a penalty to the state or political subdivision on whose behalf the contract is made or awarded, forfeit twenty-five dollars ($25) for each calendar day, or portion thereof, for each worker, until strict compliance is effectuated. ..."

burden on the exercise of the appellate process. Appellants shall have 30 days from the date this opinion becomes final to comply with respondent's directives as set forth in its letter of July 16, 1985, and thereafter, penalties shall be assessed pursuant to section 1776, subdivision (f). Costs to respondent.

Stone, P. J., and Gilbert, J., concurred.