[Civ. No. 44773. First Dist., Div. Four. Feb. 26, 1979.]

AETNA CASUALTY AND SURETY COMPANY et al.,
Cross-complainants, v.
BOARD OF ADMINISTRATION OF PUBLIC EMPLOYEES'
RETIREMENT SYSTEM, Cross-defendants and Appellants;
HENRY G. COLE, Cross-defendant and Respondent.

## COUNSEL

Evelle J. Younger, Attorney General, and William J. Power, Deputy Attorney General, for Cross-defendants and Appellants.

No appearance for Cross-defendant and Respondent.

## OPINION

**CALDECOTT, P. J.**—This is an appeal from an order granting disbursement of funds in favor of respondent Henry G. Cole, a retired California Highway Patrolman (hereinafter Cole), and against the appellant, Board of Administration, Public Employees' Retirement System (hereinafter the System).

On February 22, 1969, an automobile, alleged to have been owned by Curtola, was left on the premises of a restaurant in Vallejo, with the ignition key hidden under some papers on the dashboard.

The vehicle was stolen by Schreindl and Jones. Shortly thereafter, the theft was reported to the California Highway Patrol. There ensued a high speed chase eastbound on Highway 80, involving three CHP vehicles which were attempting to surround the stolen vehicle. Cole was the highway patrol officer driving the vehicle immediately to the left of the stolen vehicle when the stolen vehicle swerved, causing it and Cole's vehicle to lose control. Cole was injured.

Thereafter, Cole brought an action against a variety of defendants, including Curtola, Schreindl and Jones.

On the first day of trial, Cole settled with Curtola for the sum of $47,500. A release was given by Cole, his employer and workers' compensation carrier which provided that $40,000 of the settlement was to be paid to Cole and $7,500 was to be deposited in a trust account at American Savings and Loan Association to meet possible subrogation claims of the System subjecting Curtola to further liability.

The case proceeded against the two juveniles and a verdict was entered in the approximate amount of $152,000. The juveniles are apparently judgment-proof.

On May 25, 1974, Cole retired due to injuries incurred in the accident.

On July 7, 1975, the System filed a complaint in the Solano County Superior Court to recover from Michael Coakley, Terry Curtola, Jr., Richard Curtola, and the Curtola Company (hereinafter Curtola) and Michael Schreindl and George Wesley Jones, one-half of the actuarial equivalent of the benefits for which the System is liable to Cole because

of Cole's injuries caused by the negligence of Curtola, Schreindl and Jones.

On January 10, 1978, Curtola's motion for summary judgment was granted on the ground that the "fireman's rule" bars recovery by the System against Curtola.[1]

Cole filed a motion for order directing release of the trust funds to Cole. The System filed a motion for order directing payment of the trust funds to the System. The court denied the System's motion and ordered the trust fund be released to Cole. The System appealed from the order.[2]

■ Government Code section 21451 grants the Public Employees' Retirement System a right to recover against a negligent third party who caused a member's injury which subsequently required the member's disability retirement and imposed the burden of retirement benefits on the System.[3]

Since the System was unsuccessful in recovering from Curtola one-half of the actuarial equivalent of the benefits it was obligated to pay Cole upon Cole's retirement, the System now argues it is at least entitled to that portion of the settlement held in trust. The System contends the release signed by Curtola, Cole and Cole's employer and workers' compensation carrier not only settles Cole's and his employer's claims but also, by establishing a trust fund, develops a scheme designed to deprive the System of its statutory subrogation rights.

---

[1]The recent case of *Walters* v. *Sloan* (1977) 20 Cal.3d 199 [142 Cal.Rptr. 152, 571 P.2d 609], extended the fireman's rule to policemen and held that where a police officer is engaged in the risks of his job, he cannot, in a civil action, recover damages from the tortfeasor for injuries which were incident to the job.

[2]Cole, cross-defendant and respondent, did not file a respondent's reply brief.

[3]Government Code section 21451 provides:

"If benefits are payable under this part because of an injury to or the death of a member [of the Public Employees' Retirement System] and such injury or death is the proximate consequence of the act of a person other than his employer (the state or the employing contracting agency), the board may on behalf of this system recover from such person an amount which is the lesser of the following:

"(1) An amount which is equal to one-half of the actuarial equivalent of the benefits for which this system is liable because of such injury or death; or

"(2) An amount which is equal to one-half of the remaining balance of the amount recovered after allowance of that amount which the employer or its insurance carrier have paid or become obligated to pay."

The release provides that if Cole retires after five years from the date of the release, Cole is to receive the trust funds. However, if Cole retires within five years and a subrogation claim by the System is made subjecting Curtola to further liability, the trust funds are to be used to indemnify Curtola.

The release does not deny the System's subrogation right granted by section 21451. "While a release by the State Fund would be effective as to any liability under the Workmen's Compensation Act, it is not effective under the retirement statutes." (*Board of Administration* v. *Ames* (1963) 215 Cal.App.2d 215, 230 [29 Cal.Rptr. 917].) Although the subrogation rights of the System are equal to those of the employer, the System is not bound by releases to which it has not consented. (*Board of Administration* v. *Kuppens* (1975) 49 Cal.App.3d 758, 763 [122 Cal.Rptr. 856].)

Thus, even if the release purports to preclude the System from asserting any claim for reimbursement, it would be ineffective for the System did not consent to the release.

■ The subrogation provisions affecting the Public Employees' Retirement System incorporate by reference the subrogation provisions of the Workers' Compensation Act. (See Gov. Code, § 21453; *Board of Administration* v. *Ames, supra,* 215 Cal.App.2d 215 at p. 229.) Applicable provisions of the Labor Code include sections 3852, 3859 and 3860.

Section 3860, as amended in 1971, subjects the amount of settlement between an injured employee and a third party tortfeasor to a claim by the employer (the System) for reimbursement for retirement benefits paid to the employee, "except as provided in Section 3859."

Section 3859 was amended in 1971, to provide that "(a) No release or settlement of any claim under this chapter as to either the employee or the employer is valid without the written consent of both . . . . (b) Notwithstanding any thing to the contrary contained in this chapter, an employee may settle and release any claim he may have against a third party without the consent of the employer. Such settlement or release shall be subject to the employer's right to proceed to recover compensation he has paid in accordance with Section 3852."

Section 3852[4] gives the employer a separate cause of action against the thirdparty tortfeasor to recover benefits paid to the employee. The System relies on *Marrujo* v. *Hunt* (1977) 71 Cal.App.3d 972 [138 Cal.Rptr. 220] (hg. den.). The court in *Marrujo* held that the Legislature, in amending sections 3859 and 3860, intended to create "a limited exception to the existing law so as to permit an employee, without the consent of the employer, to segregate his own claim from that of the employer and to settle such claim for a sum exclusive of the amount of workmen's compensation benefits paid by the employer. Only if a settlement by the employee meets this requirement is the settlement free from the employer's claim for reimbursement." (*Id.,* at p. 978.) Since the settlement agreement in *Marrujo* included the amount of the workers' compensation insurance carrier's claim for reimbursement, the court allowed the carrier to satisfy its claim from the proceeds of the settlement.

The System contends the settlement in the instant case includes not only Cole's claim but also includes retirement benefits held in trust which Cole has already been compensated for by the System. Thus, the System argues it has a right to assert a lien[5] against the settlement proceeds in order to be partially reimbursed for the retirement benefits provided to Cole.

We conclude that if the settlement did include retirement benefits the System would be entitled to partial reimbursement from the money held in trust.

The order entered March 14, 1978, is reversed. The cause is remanded to the trial court for further proceedings. The trial court may receive additional evidence to determine whether the settlement included any sum for retirement benefits.

Rattigan, J., and Christian, J., concurred.

---

[4]The System commenced an action against the third party tortfeasor but in the light of *Walters* v. *Sloan, supra,* 20 Cal.3d 199, summary judgment was entered against it. The question thus presented is whether the System can obtain reimbursement out of the settlement received by Cole.

[5]The System apparently filed a notice of lien in the case of *Cole* v. *Curtola* on October 15, 1974.