[Civ. No. 45877. First Dist., Div. Three. Nov. 24, 1980.]

BOARD OF EDUCATION OF THE OAKLAND UNIFIED
SCHOOL DISTRICT, Plaintiff and Respondent, v.
OAKLAND EDUCATION ASSOCIATION, CTA/NEA,
Defendant and Appellant.

COUNSEL

Penn Foote for Defendant and Appellant.

Michael S. Sorgen for Plaintiff and Respondent.

OPINION

SCOTT, J.— The question presented here is whether a school district may grant leaves of absence to certificated employees for nonsick leave purposes in excess of the six days permitted by Education Code

sections 44981 and 44978.5.[1] We conclude that in addition to the absences authorized by those sections of the Education Code, a school district may grant additional leave of absence under the authority of section 44963.

During 1977 appellant Oakland Education Association representing certificated employees of respondent Board of Education of the Oakland Unified School District negotiated a collective bargaining employment contract. The contract contained a tentative provision allowing certificated employees an additional two days of paid leave for "major personal observance" beyond the maximum of six days of accumulated sick leave available for certain purposes set forth in section 44981. The district removed this tentative provision prior to adopting the agreement after concluding that the provision violated section 44978.5. A new section providing for two days paid leave for "major personal observance" was then added making the leave chargeable to sick leave. The new clause also provided that should a court of competent jurisdiction render a declaratory judgment or decree that the district has the lawful authority to ratify the agreement as it existed prior to the amendment, then the agreement would be reformed to conform to the judgment of the court. We conclude that the court erred in granting summary judgment for respondent in declaring that respondent was without authority to grant the two additional leave of absence days as provided in the tentative provision.

Section 44978 provides in relevant part that "every certificated employee employed five days a week by a school district shall be entitled to 10 days' leave of absence for illness or injury...." Section 44981 allows district employees to use up to six days of the sick leave allowed under section 44978 in cases of "personal necessity." Section 44978.5 authorizes the governing board of a school district to adopt rules whereby certificated employees can use sick leave earned pursuant to section 44978 in cases of "compelling personal importance." That section further provides that any leave taken pursuant thereto, together with any "personal necessity" leave taken pursuant to section 44981, shall not exceed six days in any school year. Respondent contends that the additional two days leave negotiated by the parties violated the six-day maximum provision of sections 44981 and 44978.5. We disagree.

---

[1]All statutory references are to the Education Code.

These three sections do not purport to be the exclusive authority for the granting of leaves of absence by a school district to its certificated employees. Section 44963, entitled "Power to grant leaves of absence," provides: "When any provision of this code expressly authorizes or requires the governing board of a school district to grant a leave of absence for any purpose or for any period of time to persons employed in positions requiring certification qualifications, that express authorization or requirement does not deprive the governing board of the power to grant leaves of absence with or without pay to such employees for *other purposes or for other periods of time*, so long as the governing board does not deprive any employee of any leave of absence to which he is entitled by law." (Italics added.) Hence, leaves for "other purposes" or "other periods of time" can be granted in addition to the periods authorized by sections 44981 and 44978.5.

Appellant does not contend that the negotiated additional leave for "major personal observance" is something other than the leave authorized by section 44978.5 for "compelling personal importance." Respondent contends that the leave contemplated is identical, and it appears so to us. Hence the additional leave in question was not authorized as being for "other purposes." However, the authority granted by section 44963 is in the disjunctive, that is, to grant leaves for "other purposes" or "other periods of time" in addition to those expressly authorized. Thus, the governing board is not deprived of the power to grant leaves for "other periods of time" in addition to those expressly authorized.

Respondent appears to concede this interpretation but contends that section 44978.5, adopted in 1977, is a specific statute limiting to six the number of days leave for compelling personal importance and as such takes precedence over section 44963 which is a general statute adopted in 1959. Respondent urges that the two statutes cannot be reconciled; therefore, the specific must prevail over the general statute. Appellant urges, and we agree, that the various sections are not irreconcilable. We are obligated to harmonize the statutes if possible. (See *Marrujo* v. *Hunt* (1977) 71 Cal.App.3d 972 [138 Cal.Rptr. 220].). Respondent contends in effect that the six-day maximum for "compelling personal importance" leave set forth in section 44978.5 is rendered meaningless if section 44963 is interpreted to mean that the governing board can grant additional leave for the same purposes. However, section 44963 by its own language authorizes the board to grant additional periods of leave to those periods otherwise expressly granted in the code. This clear language appears to contemplate that periods of time for leave

fixed in one statute can be extended under the authority of this statute. The only caveat on the power of the governing board under section 44963 appears to be that they may not deprive certificated employees of any leave to which they are otherwise entitled by law.

Judgment is reversed with directions that the trial court enter judgment for appellant in accordance with the views herein expressed.

White, P. J., and Feinberg, J., concurred.