78 F.3d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Laszlo SZUCS, Plaintiff-Appellee,
v.
L & D SCAFFOLDING, INC., a California corporation; J.H.
Fitzmaurice, Inc.; J.H. Fitzmaurice, Inc./R.M.
Fitzmaurice Joint Venture, Defendants-Appellants.
 No. 94-17222.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 14, 1996*
Decided Feb. 23, 1996.
 
 Before: ALARCON, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 J.H. Fitzmaurice, Inc. ("Fitzmaurice") and L & D Scaffolding, Inc. ("L & D") appeal from the judgment entered following a jury verdict in favor of Laszlo Szucs in his personal injury action against Fitzmaurice and L & D. Fitzmaurice and L & D contend that: (1) the jury's finding of negligence is not supported by substantial evidence; (2) the amount of damages is excessive; and (3) the district court erred by excluding the defense of unclean hands. We affirm the judgment of the district court because neither the record nor the law supports these contentions.
 
 I.
 
 3
 Laszlo Szucs, a citizen of Hungary, visited his brothers, Antal, Andras and George, in California. The three brothers owned Szucs Brothers, Inc. (the "Szucs Brothers"), a painting contractor. During his visit, Laszlo Szucs agreed to help his brothers paint a housing project. The Szucs Brothers were painting the housing project pursuant to a subcontract entered into with Fitzmaurice, the general contractor for the housing project. Fitzmaurice also subcontracted with L & D, a scaffolding contractor, to erect scaffolding for the project.
 
 
 4
 A few hours after Laszlo Szucs began working at the housing project, he fell 10 feet from a scaffold and sustained fractures in both of his legs. Laszlo Szucs testified that he had just stepped onto the scaffold and was reaching for a pipe when the scaffold moved and he fell off. Andras Szucs testified that he saw a portion of the scaffold's railing move and heard Laszlo Szucs shout in Hungarian that the scaffolding was moving. Photographs taken after the accident depict a scaffold leaning away from the building.
 
 
 5
 An expert testified that the scaffold had not been properly erected, braced and tied to the building. Other witnesses testified that a tie-in which should have secured the scaffold to the eaves of the building had either been removed or had never been installed. There was also testimony that it was common in the construction industry for other subcontractors to cut scaffolding ties from a building rather than work around them.
 
 
 6
 Laszlo Szucs brought a personal injury action against several defendants including Fitzmaurice and L & D. The jury returned a verdict for Laszlo Szucs in the amount of $390,544.74. The jury awarded $60,544.74 in economic damages and $330,000.00 in non-economic damages. The jury found L & D to be 80% at fault, Fitzmaurice to be 5% at fault, Laszlo Szucs to be 6% at fault, and Szucs Brothers to be 9% at fault.
 
 
 7
 After the presentation of Laszlo Szucs's case in chief, and again after the judgment on the verdict was entered, Fitzmaurice and L & D moved for judgment as a matter of law pursuant to Fed.R.Civ.P. 50. Alternatively, Fitzmaurice and L & D moved for a new trial pursuant to Fed.R.Civ.P. 59. The district court denied these motions. Fitzmaurice and L & D timely appeal from the denial of their motion for judgment as a matter of law and the judgment entered pursuant to the jury verdict. Fitzmaurice and L & D also timely appeal from the district court's grant of Laszlo Szucs's motion in limine to exclude evidence that Laszlo Szucs was in violation of United States immigration law at the time of the accident.
 
 II.
 
 8
 The district court had diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2). This court has jurisdiction under 28 U.S.C. 1291. Because the alleged negligent conduct occurred in California, its substantive law applies. Sequoia Ins. Co. v. Royal Ins. Co. of America, 971 F.2d 1385, 1388 (9th Cir.1992).
 
 III.
 A.
 
 9
 Fitzmaurice and L & D contend that the district court erred in denying their motion for a judgment as a matter of law because the jury's finding of negligence is not supported by substantial evidence. We review the denial of a motion for judgment as a matter of law de novo to determine if the plaintiff's claims were supported by substantial evidence. Erickson v. Pierce County, 960 F.2d 801, 804 (9th Cir.), cert. denied, 506 U.S. 1035 (1992). "Substantial evidence is such relevant evidence as reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence." Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir.1994). Courts cannot weigh the evidence or assess the credibility of witnesses in determining whether substantial evidence exists. Murray v. Laborers Union Local No. 324, 55 F.3d 1445, 1452 (9th Cir.), petition for cert. filed, 64 U.S.L.W. 3289 (U.S. Oct. 5, 1995).
 
 
 10
 Under California law, the elements which a plaintiff must prove to support a claim of negligence are: (1) the existence of a duty; (2) breach of that duty; (3) causation; and (4) injury. Romito v. Red Plastic Co., 44 Cal.Rptr.2d 834, 836 (Cal.Ct.App.1995). L & D does not dispute that it owed a duty of due care to Laszlo Szucs or that it breached this duty by failing to provide a properly erected scaffold. Neither Fitzmaurice or L & D dispute that Laszlo Szucs was injured.
 
 1.
 
 11
 Fitzmaurice contends that a rational jury could not have found that it breached its duty of care to Laszlo Szucs. The existence and nature of a duty of care is a question of law. Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc., 770 P.2d 278, 281 (Cal.1989). In this case, the jury was instructed that:
 
 
 12
 We have here the general contractor and subcontractor, and as a general rule of liability, no liability is imposed upon a general contractor for injuries caused by the negligence of a subcontractor. The rule, however, is not applicable where the general contractor has actual or constructive knowledge of a condition hazardous to those who come upon the premises, and such a degree of control as permits reasonable preventative or protective measures to be taken by him.
 
 
 13
 Fitzmaurice does not challenge this instruction or otherwise contend that, under California law, a general contractor owes no duty of care to the employees of subcontractors. Instead, Fitzmaurice asserts that the evidence demonstrates that its duty of care "shifted" to the Szucs Brothers because the terms of the subcontract between Fitzmaurice and the Szucs Brothers provided that the Szucs Brothers had the sole responsibility for inspecting the scaffold and providing a safe work environment. We disagree.
 
 
 14
 Fitzmaurice cites no authority for its position that it should be released from its duty of care to Laszlo Szucs by virtue of its contract with the Szucs Brothers. Our review of California law persuades us that, regardless of whether the contract may provide Fitzmaurice with a possible indemnity claim against the Szucs Brothers, it does not release Fitzmaurice of its duty of care to Laszlo Szucs. Laszlo Szucs was not a party to this contract and thus cannot be bound by its terms. See Mannix v. Tryon, 91 P. 983, 986-87 (Cal.1907) (subcontractor not bound to terms of contract between general contractor and property owner); Aetna Cas. and Sur. Co. v. Bd of Administration, Public Emp. Retirement Sys., 153 Cal.Rptr. 62, 64 (1979) (Insurance company not bound by agreement between injured employee and employer which purported to deny the insurance company its right to subrogation.)
 
 
 15
 Alternatively, Fitzmaurice argues that the jury's finding that it breached its duty to Laszlo Szucs is not supported by substantial evidence. This contention also lacks merit. It is undisputed that the scaffold tie-in to the eaves was missing. Paul Mendiola, an L & D employee, testified that the tie-in to the eaves had been "removed." Other evidence was presented that it is the practice in the industry for other subcontractors to cut, and not replace, scaffolding ties while working on a building. Mr. Mendiola testified that this practice occurred at the housing project. Fitzmaurice's superintendent, Arthur Royson, testified that he periodically inspected scaffolds at the project site and that he required subcontractors to correct safety problems. This evidence supports a reasonable inference that Fitzmaurice knew or should have discovered that subcontractors were cutting, and not replacing, scaffolding ties at the housing project, and that Fitzmaurice could have taken reasonable steps to remedy this problem.
 
 2.
 
 16
 Fitzmaurice and L & D both argue that the jury could not have reasonably concluded that their breaches caused Laszlo Szucs's injury because nobody actually witnessed the accident and Laszlo Szucs's testimony is confusing. We conclude that substantial evidence supports the jury's finding of causation.
 
 
 17
 It is undisputed that Laszlo Szucs fell from the scaffold. While his testimony is somewhat confusing, Laszlo Szucs clearly testified that he fell when the scaffold moved. Laszlo Szucs's expert, James Hinson, testified that, assuming the scaffold moved when Laszlo Szucs stepped on it, the movement was most likely caused by inadequate bracing of the scaffold and insufficient tying of the scaffold to the building. From this evidence, a jury could reasonably infer that Laszlo Szucs's fall was caused both because L & D had not properly erected the scaffold and because the eaves tie-in was missing.
 
 
 18
 Fitzmaurice and L & D further contend that the failure of the Szucs Brothers and Laszlo Szucs to detect the scaffolding defects was a superseding, intervening cause of the accident. Whether an act by a third party is a superseding cause of the accident is a question of fact. Jackson v. Ryder Truck Rental, Inc., 20 Cal.Rptr.2d 913, 925 (Cal.Ct.App.1993). The record does not reflect that Fitzmaurice and L & D raised the issue of superseding causation before the district court. Accordingly, Fitzmaurice and L & D may not raise this argument on appeal. See, United States v. Robertson, 52 F.3d 789, 791 (9th Cir.1995) (absent exceptional circumstances, issues may not be raised for the first time on appeal).
 
 B.
 
 19
 The defendants next contend that excessive damages were awarded. An award of damages should not be disturbed on appeal unless, viewing the record in a light most favorable to the judgment, the appellate court determines that the amount of damages awarded by the jury was the result of passion or prejudice. Weller v. American Broadcasting Co., Inc., 283 Cal.Rptr. 644, 659 (Cal.Ct.App.1991).
 
 
 20
 Fitzmaurice and L & D present no evidence that the verdict was the result of passion or prejudice by the jury. To the contrary, the amount of economic and non-economic damages awarded by the jury is supported by reasonable inferences from the record. The award of $60,544.74 in economic damages matched the amount of Laszlo Szucs's medical expenses. As to the non-economic damages, Laszlo Szucs testified that the pain from the accident prevents him from standing more than 10-20 minutes, walking for more than a half of a mile, dancing, or playing sports. Laszlo Szucs's doctor testified that the pain is likely to worsen with age. Given the permanent and debilitating nature of the injury, an award of $330,000 in non-economic damages is not unreasonable. See, English v. Lin, 31 Cal.Rptr.2d 906, 913-914 (Cal.Ct.App.1994) ($538,000 in pain and suffering not per se unreasonable); Weller, supra, 283 Cal.Rptr. at 648, 659 (finding that $1,000,000 for mental suffering in connection with defamation suit was not excessive).
 
 
 21
 Fitzmaurice and L & D contend that the damages are excessive because they improperly reflect loss of Laszlo Szucs's future wages as measured in U.S. dollars. This argument is without merit. The jury was instructed that:
 
 
 22
 Economic damages means objectively verifiable monetary losses including medical expenses, loss of earnings, ... a loss of employment a loss of business or opportunity.
 
 
 23
 And the term non-economic damages means subjective nonmonetary losses including, but not necessarily limited to pain and suffering, inconvenience, mental suffering, emotional distress....
 
 
 24
 Now, the present cash value of earning capacity reasonably certain to be lost in the future as a result of the injury in question is also part of economic damage.
 
 
 25
 Because the award of economic damages matched Laszlo Szucs's medical expenses, we infer that the jury chose not to award Laszlo Szucs any damages for loss of future earnings. While Fitzmaurice and L & D assert that the award of non-economic damages impermissibly included the loss of future income, they offer no evidence which suggests that the jury disregarded the court's instructions.
 
 
 26
 Finally, Fitzmaurice and L & D argue that the award of damages is excessive because Laszlo Szucs resides in Hungary where the cost of living is less then in the United States. This issue was not presented to the district court and, therefore, no factual record was developed to support this contention. Accordingly, this issue may not be raised on appeal. See, Andersen v. Cumming, 827 F.2d 1303, 1305 (9th Cir.1987) ("[t]he appealing litigant must ensure that sufficient facts are developed at trial to support a challenge on appeal").
 
 C.
 
 27
 Fitzmaurice and L & D argue that the jury verdict must be set aside because the district court erred in excluding the defense of unclean hands. Fitzmaurice and L & D argue that Laszlo Szucs's employment with the Szucs Brothers violated United States immigration law. They assert that this misconduct should bar Laszlo Szucs from recovering damages for injuries sustained during the course of this employment.
 
 
 28
 As a preliminary matter, Laszlo Szucs argues that, because Fitzmaurice and L & D failed to plead unclean hands as an affirmative defense or seek dismissal of the action on this ground in a motion for summary judgment, they waived their right to assert this argument on appeal. We disagree. While a defendant should generally plead affirmative defenses in his or her answer, absent a showing of prejudice to the plaintiff, an affirmative defense may be raised by motion before the trial court. Camarillo v. McCarthy, 998 F.2d 638, 639 (9th Cir.1993). See also, In re Tamen, 22 F.3d 199, 205 (9th Cir.1994) (unclean hands is sufficiently raised below if the district court rules on the issue). Here, Fitzmaurice and L & D raised a defense of unclean hands in their trial brief. Laszlo Szucs moved to exclude all evidence of his alien status and his violation of immigration law. On the second day of trial, the district court granted Laszlo Szucs's motion in limine and further held that the unclean hands defense would be excluded. Laszlo Szucs has not demonstrated that he was prejudiced by the defendants' failure to plead unclean hands as an affirmative defense. See Camarillo, 998 F.2d at 639 (discussed supra ). Accordingly, Fitzmaurice and L & D may raise this issue on appeal.
 
 
 29
 A district court's decision to exclude the defense of unclean hands is reviewed for abuse of discretion. Martin v. Kehl, 193 Cal.Rptr. 312, 319 n. 1 (Cal.Ct.App.1983). The unclean hands doctrine does not bar recovery when a plaintiff commits any wrongful act; rather unclean hands bars recovery only when the plaintiff's misconduct "prejudicially affect[s] the rights of the person against whom the relief is sought so that it would be inequitable to grant such relief." Id. (internal citation omitted). Consequently, where the plaintiff's misconduct is directed at a non-party, unclean hands will not ordinarily bar the plaintiff's claim. Mesnick v. Caton, 228 Cal.Rptr. 779, 787 (Cal.Ct.App.1986).
 
 
 30
 In the present case, Laszlo Szucs's employment allegedly violated United States immigration law. This alleged misconduct, however, is directed at the United States, a non-party, and does not prejudice the interests of either Fitzmaurice or L & D. Accordingly, the district court did not abuse its discretion in excluding the defense of unclean hands.
 
 
 31
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3